﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191104-46300
DATE: July 31, 2020

REMANDED

Service connection for a right foot disability is remanded.

Service connection for a left shoulder disability is remanded.

Service connection for a right shoulder disability is remanded.

REASONS FOR REMAND

The Veteran served honorably in the United States Army from May 1976 to December 1978.

These matters come to the Board of Veterans’ Appeals (Board) on appeal from a September 2015 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). This matter originally commenced under the legacy appellate framework after the Veteran filed a notice of disagreement (NOD) in October 2015. In response, a statement of the case (SOC) was issued in October 2019. Thereafter, the Veteran filed a NOD opting into the Appeals Modernization Act (AMA) appellate framework in November 2019.

In the November 2019 NOD, the Veteran opted into the Direct Review docket. Therefore, the Veteran does not desire a personal hearing before the Board, and the record on appeal closed on October 28, 2019 ; the date the SOC was issued.

1. Service connection for a right foot disability is remanded.

At issue is whether the Veteran is entitled to service connection for a right foot disability. The Veteran’s primary contention is that the Veteran’s right foot disability is secondary to his previously service-connected right ankle disability. Unfortunately, this matter must be remanded for a new VA examination.

During the record on appeal and during VA’s duty to assist, the Veteran was provided a VA examination in August 2015. The Veteran reported that approximately one year into his period of service (approximately 1977) he was informed that he had sustained a right foot fracture (5th metatarsal region) and that it was too late to correct the problem. The examiner diagnosed the Veteran with multiple right foot disabilities (hallux valgus, malunion/nonunion of the metatarsal bones, and degenerative arthritis). The examiner opined that the Veteran’s right foot fractures were not proximately due to or aggravated by the Veteran’s right ankle disabilities, because the Veteran’s service treatment records (which the Board notes diligently document the status of the Veteran’s right ankle fracture) were inconsistent with a right food disability caused by the Veteran’s right ankle disability. Moreover, the examiner opined that the there was no supporting medical evidence or treatment for a specific right foot injury in the Veteran’s service treatment records, and that the Veteran’s right foot was evaluated as normal upon separation from service.

Once VA undertakes the effort to provide the Veteran with a VA examination, it must provide the Veteran with an adequate one, and an adequate examination is sufficiently detailed in order to ensure that the evaluation of the Veteran’s claim is fully formed. Barr v. Nicholson, 21 Vet. App. 303 (2007). The August 2015 examination is sufficiently detailed in order to address the Veteran’s primary contention of whether or not his right foot disability is proximately due to or aggravated by his previously service-connected right ankle disability. 38 C.F.R. § 3.310. The examination, however, is not sufficiently detailed in order to evaluate whether or not the Veteran is or is not entitled to service connection on a direct or presumptive basis. Specifically, the examination report clearly indicates that the Veteran has multiple right foot disabilities along with a lay report from the Veteran of an in-service incurrence occurring sometime between entering service and one year after entering service. Therefore, it is necessary for the examiner to discuss whether it is at least as likely as not that a medical nexus exists between an in-service incurrence and a current disability. 38 C.F.R. § 3.304. Additionally, the examiner should have discussed in more detail when the Veteran first began to manifest degenerative arthritis; specifically, whether or not it began within one year of separation from service or not. 38 C.F.R. §§ 3.307, 3.309. Therefore, this matter must be remanded in order to address these concerns. See Barr.

The Board is cognizant that the examiner explicitly identified a lack of corroboration of an in-service incurrence in the Veteran’s service treatment records. Such facts, however, primarily lend themselves to the credibility of the Veteran’s lay reports of an in-service incurrence (which is ultimately a matter for the Board to decide) rather than a medical opinion on whether or not a medical nexus does or does not exists between an in-service incurrence a current disability. 

2. Service connection for a left shoulder disability is remanded.

3. Service connection for a right shoulder disability is remanded.

At issue is whether or not the Veteran is entitled to service connection for bilateral shoulder disabilities. During the record on appeal and during VA’s duty to assist, the Veteran was provided a VA examination in August 2015. The Veteran claimed that his service-connected right ankle disability caused his right ankle to give out on multiple occasions long after separating from service; which in turn caused the Veteran to fall to the ground on multiple occasions long after separating from service; which in turn resulted in the Veteran’s bilateral shoulder disabilities. The examiner diagnosed the Veteran with a bilateral shoulder strain and a rotator cuff tear of the left shoulder. The examiner opined that the Veteran’s shoulder disabilities were not proximately due to a right ankle disability because the Veteran’s service treatment records were silent for a diagnosis of or treatment for shoulder disabilities. Nevertheless, the Veteran has not alleged that his shoulder injuries occurred during service. Moreover, the examination report does not explain whether or not the Veteran’s shoulder disabilities were or were not due to traumatic falls or whether or whether not such traumatic falls could or were due to the Veteran’s previously service-connected right ankle disability causing the Veteran’s right ankle to give out. As previously noted, once VA undertakes the effort to provide the Veteran with a VA examination, it must provide the Veteran with an adequate one, and an adequate examination is sufficiently detailed in order to ensure that the evaluation of the Veteran’s claim is fully formed. See Barr. Therefore, these matters must be remanded in order to address these concerns.

The matters are REMANDED for the following action:

1. Arrange to provide the Veteran with a VA examination in order to address the following:

(a.) Is it at least as likely as not (50 percent or more) that a medical nexus exists between a current right foot disability and an in-service incurrence? Why or why not? 

(b.) Please discuss whether or not the opinion does or does not change if one assumes that the Veteran’s reports of having sustained a fracture of the metatarsal region of the right foot between 1976 and 1977? Why or why not?

(c.) Assuming that the Veteran’s reported fracture in the metatarsal region did NOT occur during a period of service, is it possible to identify when such a fracture did first occur? Why or why not? If so, please identify when this fracture occurred and what facts and data from the Veteran’s medical records and what reliable principles or methods from pertinent medical literature were relied upon in making such a determination. 

2. Arrange to provide the Veteran with a VA examination in order to address the following:

(a.) Is it at least as likely as not (50 percent or more) that a medical nexus exists between an in-service incurrence and a current diagnosis of either a left shoulder or a right shoulder disability? Why or why not?

(b.) Is it at least as likely as not (50 percent or more) that a left shoulder or right shoulder disability was proximately due to or aggravated by a previously service-connected disability? Why or why not?

(c.) Is it at least as likely as not (50 percent or more) that the Veteran has either a left shoulder or a right shoulder disability that was the result of a traumatic fall? Why or why not?

(d.) Is it at least as likely as not (50 percent or more) that any of the Veteran’s previously service-connected disabilities (including the Veteran’s previously service-connected right ankle disability) could have caused the Veteran’s ankle or legs to give way in such a manner as to cause a fall traumatic enough to injure either of the Veteran’s left or right shoulders? Why or why not?

 

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Seaton

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.